UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

| Case No. | CV 11-8638 ABC (PLAx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | People of the State of California, et al. v. Sky Tag, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    ORDER REMANDING Case Based on the Lack Subject Matter Jurisdiction (In Chambers)

   This case was originally filed in Los Angeles Superior Court on September 16, 2011 and removed to this Court on October 19, 2011. On October 27, 2011, the Court ordered Defendants Sky Tag, Inc., et al. ("Defendants") to show cause why this case should not be remanded for lack of subject-matter jurisdiction. (Docket No. 12.) Defendants timely responded on November 7, 2011; Plaintiffs responded on November 14, 2011; and Defendants replied on November 21, 2011. The Court concludes that it lacks subject-matter jurisdiction and therefore this case is REMANDED to Los Angeles Superior Court.

   This case is a civil enforcement action brought by the Los Angeles City Attorney's Office on behalf of the state and the City of Los Angeles (collectively the "City") "to redress the problem of unpermitted, unapproved, uninspected, unsafe and prohibited 'supergraphic signs' within the City of Los Angeles." (Compl. ¶ 1.) The City named Sky Tag, Inc. and individual Michael McNeilly (together "Sky Tag") as defendants, as well as a host of property owners that have leased space to Sky Tag to erect illegal supergraphic signs. (Id. ¶¶ 5–6.) The City alleged two causes of action: (1) claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (2) claims for civil penalties under Los Angeles Municipal Code § 11.00(l). As relief, the City seeks inter alia to compel removal of illegal supergraphic signs and enjoin the erection of any future illegal signs.

   Defendants removed this case and argue here that federal question jurisdiction exists on two grounds: (1) the City's UCL claim against Defendant McNeilly raises a federal question because the City claims McNeilly violated two federal criminal statutes, 18 U.S.C. §§ 1621 and 1623(a); and (2) the City seeks to enjoin speech protected by the First Amendment.

   In order to satisfy subject-matter jurisdiction in a removed case, a plaintiff must allege a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a)–(b). "The removal statute is strictly construed against removal jurisdiction, and the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 11-8638 ABC (PLAx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | People of the State of California, et al. v. Sky Tag, Inc., et al. | | |

establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). "This is especially true in a lawsuit brought by a public official on behalf of the people of California." California v. Pinnacle Sec. CA, LP, 746 F. Supp. 2d 1129, 1130 (N.D. Cal. 2010).

To assess subject-matter jurisdiction, the Court must follow the "well-pleaded complaint" rule, under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Thus, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (emphasis in original).

However, even if the complaint does not advance a federal cause of action, federal question jurisdiction may exist when a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). One factor considered in this "substantial federal question" inquiry is whether Congress failed to provide a private right of action for the federal statute at issue, which may be evidence relevant to the "'sensitive judgments about congressional intent' that § 1331 requires." Id. at 318. Moreover, if recognizing federal jurisdiction over a state-law claim premised on federal law would result in opening federal courts to a "tremendous number of cases," then federal jurisdiction may be lacking. Id. For example, the Court in Grable explained that its prior decision finding no federal jurisdiction over state products liability claims in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986), was based in part on the idea that it is common for state tort claims like negligence per se to be based on federal violations, and because Congress provided no private right of action for the federal misbranding at issue in that case, the federal forum was unavailable. Grable, 545 U.S. at 318–19. Notably, if the state-law claim in Merrell Dow could have gotten "into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases." Id. at 318.

Other courts have extended this reasoning to claims under the UCL, which often borrows violations of federal laws and risks "significantly increas[ing] the number of state law cases removed to federal court involving UCL claims." Bolden v. KB Home, 618 F. Supp. 2d 1196, 1207 (C.D. Cal. 2008) (remanding UCL claim based on violation of federal Financial Institutions Reform, Recovery, and Enforcement Act); see also Williams v. Wells Fargo Bank, N.A., Case No. CV 10-4761 PA (PJWx), 2010 WL 3184248, at *3 (C.D. Cal. Aug. 9, 2010) (finding UCL claim did not create federal jurisdiction because it made federal violation "independently actionable").

Defendants rely on the "substantial federal question" theory to argue that the Court may exercise federal jurisdiction because the City alleged that McNeilly committed unlawful conduct under the UCL by violating two federal criminal laws, 18 U.S.C. §§ 1621 and 1623(a). This does not raise a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 11-8638 ABC (PLAx) | Date | November 29, 2011 |
| Title | People of the State of California, et al. v. Sky Tag, Inc., et al. | | |

"substantial federal question" for at least two reasons. First, federal criminal statutes generally do not create private civil causes of action, which reflects congressional intent to withhold prosecutorial discretion from individuals in civil actions in federal court and weighs against exercising federal jurisdiction. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (rejecting civil claims under federal criminal statutes, 18 U.S.C. §§ 241, 242); Cohen v. Nevada, Case No. 3:07-CV-00043-LRH (VPC), 2007 WL 4458174, at *2 (D. Nev. Dec. 13, 2007) (no private right of action for violating § 1621); Moore v. Fountainhead Garden Home Owners' Ass'n, Inc., Case No. C-97-1334-VRW, 1997 WL 337570, at *2 (N.D. Cal. June 4, 1997) (no private right of action for violating §§ 1621, 1623); Sordean v. United States, Case No. C 94-2387 FMS, 1995 WL 86548, at *2 (N.D. Cal. Feb. 24, 1995) (same).

Second, exercising federal jurisdiction over a UCL claim predicated on federal criminal laws would open the floodgates for removal of legions of UCL claims based on any conceivable violation of federal law, which counsels against federal jurisdiction, as in Bolden and Williams. Indeed, the City's UCL claim here is similar to the negligence per se claim in Merrell Dow, which the Court in Grable explained would have opened the federal courthouse doors to a "tremendous number of cases" involving that common tort claim often predicated on federal law violations.

Defendants cite Dynegy – decided a year before Grable – to argue that a UCL claim can create removal jurisdiction, but that case was unique and distinguishable. In Dynegy, California brought a UCL claim in state court against energy providers based on violation of the Federal Power Act ("FPA"), which contained a provision vesting federal courts with exclusive jurisdiction over violations. 375 F.3d at 839–40. The court concluded that California could not elude this exclusive jurisdiction mandate by pleading a UCL claim based entirely on FPA violations. Id. at 841–42; id. at 843 ("California's state claim represented a naked attempt to enforce these federal obligations."). Defendants here cited no similar exclusive jurisdiction provision; in fact, the opposite is true, given that federal criminal statutes may not be privately enforced in federal court. Thus, the Court finds that Plaintiffs' UCL claim based on alleged violations of §§ 1621 and 1623(a) do not raise "substantial federal question[s]," creating federal subject-matter jurisdiction.

Defendants also argue that the City's request for an injunction raises a "substantial federal question" because it seeks to impose a prior restraint on speech, and because the City generally bears the burden to justify a prior restraint, this alleged First Amendment violation is not an affirmative defense but an element of the City's claim.[1] Assuming the City's requested injunction is in fact a prior restraint, Defendants are correct that prior restraints are presumed invalid, see Org. for a Better Austin v. Keefe, 402 U.S. 415, 419 (1971), and that the City bears the burden to justify the speech restriction, United States v. Playboy Entm't Group, Inc., 529 U.S. 803, 817 (2000). That does not, however, transform

---

[1]Defendants cite the All Writs Act, 28 U.S.C. § 1651(a), to argue that this action violates injunctions previously imposed by this Court. But they concede that the All Writs Act does not independently create federal jurisdiction. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31 (2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 11-8638 ABC (PLAx) | Date | November 29, 2011 |
| Title | People of the State of California, et al. v. Sky Tag, Inc., et al. | | |

Defendants' defense of a First Amendment violation into an element of the City's claims. As the master of its complaint, the City has not alleged any First Amendment claim, and, if it must eventually demonstrate that an injunction in this case would comport with the First Amendment, it need only do so in response to Defendants' objection.[2] This is no different than other First Amendment defenses that courts have repeatedly found did not support removal jurisdiction. See, e.g., Grievance Admin. v. Fieger, 409 F. Supp. 2d 858, 865–66 (E.D. Mich. 2005) (no removal based on First Amendment defense to attorney discipline proceedings); Feuerzeig v. Innovative Commc'n Corp., 174 F. Supp. 2d 349, 353–54 (D.V.I. 2001) (no removal based on First Amendment defense to newspaper editor's wrongful discharge and other state claims); Gateway 2000 Inc. v. Cyrix Corp., 942 F. Supp. 985, 996 (D.N.J. 1996) (no removal based on First Amendment defense to state trademark infringement claims); Nevada v. Culverwell, 890 F. Supp. 933, 937 (D. Nev. 1995) (no removal based on First Amendment defense to state action for removal of state officer); St. David's Episcopal Church v. Westboro Baptist Church, Inc., Case No. Civ. A No. 94-4119-DES, 1994 WL 414055, at *2–3 (D. Kan. Jul 13, 1994) (no removal based on First Amendment defense to private nuisance claim that would have "'muzzled'" defendant "based on the content of its speech"); Wisconsin v. Missionaries to the Preborn, 796 F. Supp. 389, 391 (E.D. Wis. 1992) (no removal based on freedom of assembly defense to private nuisance claim). Thus, removal jurisdiction does not exist on this basis.

In sum, the Court finds that it lacks jurisdiction and REMANDS this case to Los Angeles Superior Court. As a result, the Court DENIES Defendants' pending motions WITHOUT PREJUDICE (Docket Nos. 7, 8, 9), and VACATES the December 12, 2011 scheduling conference.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | AB |

---

[2] The Court is unpersuaded by Defendants' reliance on CFTC v. Vartuli, 228 F.3d 94 (2d Cir. 2000), which did not discuss removal jurisdiction or address whether the First Amendment issues implicated by the injunction there were a part of the plaintiff's case or part of the defendants' defenses.